**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CONTRACT ASSOCIATES, INC.,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:14-cv-00882-LO-MSN** |
| | ) |
| **SENEM ATALAY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**CAI'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO ALTER OR AMEND**

Plaintiff, Contract Associates, Inc., ("CAI"), by counsel, pursuant to FRCP 59(e), hereby files its Motion to Alter or Amend the Court's Order and Opinion dated April 10, 2015 (Docket # 82 and #83) denying CAI's Motion for Summary Judgment and granting Defendants' Motion for Summary Judgment.  While the opinion addressed the duty owed by employees, it did not address the duty owed by a current shareholder in a closely-held corporation.  Because Atalay continues to be a 25% shareholder of CAI, her duty to the corporation survived the June 5, 2014 meeting.  CAI respectfully requests a ruling on the issue of the duties owed to CAI by Atalay by virtue of her status of a shareholder, as the Court's opinion does not address this issue.  Therefore, summary judgment in CAI's favor (or, in the alternative, a trial on the merits) is appropriate.

**A.**     **Atalay Owed and Breached Her Fiduciary Duty.**

**Facts**[1]

1.     When CAI was formed in 1983, it had 1,000 shares of authorized stock.  In 2011, CAI increased Atalay's share of the revenues and asked its corporate attorney to prepare a stock certificate making a gift of 250 of the 1,000 shares of CAI stock to her.  CAI Exhibit 22, Farag Declaration ¶ 3.

2.     CAI then issued 250 shares of CAI stock (a 25% ownership stake) to Atalay and the shares were delivered to Atalay in January 2012 by Peter Farag when he mailed the stock certificate to Atalay at her home address.  CAI Exhibit 22, Farag Declaration ¶ 4.

3.     Atalay admitted that she received the stock in January 2012.  CAI Exhibit 1, Deposition of Senem Atalay at p. 53:8-11; CAI Exhibit 5, HLF 0378; CAI Exhibit 18, Trial Testimony of Senem Atalay at p. 59:2-22.

4.     Several days later, Bud Farag telephoned Atalay to see whether she had received the stock certificate.  CAI Exhibit 22, Farag Declaration ¶ 5.

5.     Atalay confirmed that she had received the stock and thanked him for giving her the CAI stock.  CAI Exhibit 22, Farag Declaration ¶ 5 and ¶ 6.

6.     Atalay has possessed the CAI stock for more than three years and continues to own the CAI stock through the present.  She never returned the stock to Farag, never rejected it, never voided it and never cancelled it.  CAI Exhibit 1, Deposition of Senem Atalay at pp. 53:12-15 and 56:4-12; CAI Exhibit 18, Trial Testimony of Senem Atalay at p. 107:20 to 109:3.  Atalay has owned 25% of CAI continuously from January 2012 through the present.

---

[1] Fact references are made to the Exhibits filed with CAI's briefing on its Motion for Summary Judgment.

## Argument

As was set forth and argued by CAI in its Motion for Summary Judgment, Atalay is a shareholder of CAI and, thus, owes it a fiduciary duty. The first question is whether Atalay is a shareholder. The answer is "Yes". Farag gifted Atalay 25% of CAI. The elements of an *inter vivos* gift are: (1) the gift must be of personal property; (2) possession must be delivered at the time of the gift and must be accepted by the donee; (3) the title of the property must vest in the donee at the time of the gift. Square Deal Demolition, Inc. v. Josephus Doxie and Vanessa Joyner, 74 Va. Cir. 441 (Norfolk Cir. Ct. 2008). All of the elements are proven because the stock is personal property and, by Atalay's own admission, Farag delivered the stock to her and she has had continuous possession since January 2012. The delivery of a stock certificate constitutes *prima facie* evidence that a gift of stock has been made. Id. It is therefore undisputed that at all times relevant Atalay owned and continues to own 25% of CAI.

Shareholders in closely-held corporations owe one another fiduciary duties. Hager v. Gibson, 109 F.3d 201, 212 (4th Cir. 1997). This position is supported in courts in other jurisdictions that have held that shareholders of closely-held corporations owe fiduciary duties to one another analogous to the fiduciary duties partners owe one another, and that "[i]n the close corporation, the minority may do equal damage through unscrupulous and improper 'sharp dealings' with an unsuspecting majority." See e.g., Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 593 (1975). It is therefore undisputed that at all times relevant Atalay owed CAI fiduciary duties.

Atalay's only argument of any consequence is her unsupported claim that she is not a shareholder because she did not *accept* the stock. Contrary to her position, possession of the stock certificate by the person to whom the gift of stock has been given is *prima facie* evidence

of ownership of the stock.  Square Deal, *supra*.  Therefore, under the undisputed facts and pursuant to the applicable law, on summary judgment, only two possible conclusions can be reached: Either (a) Atalay is shareholder;  or (b) there is a genuine dispute of material fact as to her status that must be presented to a jury for determination.  This question is material to the ultimate outcome because if Atalay was a shareholder who owed CAI fiduciary duties after her termination from CAI on June 5, those duties were likely violated by her conduct after June 5. The Court's April 10, Opinion did not address this question, specifically whether Atalay owed CAI fiduciary duties by virtue of her shareholder status, subsequent to June 5, 2014.

Despite the change in Atalay's employment relationship with CAI, her  status as a shareholder never changed, therefore, the fiduciary obligations she owed to CAI were not extinguished on June 5, 2014.  Instead, her duty to CAI survived and the actions she took for her own personal gain (and for the benefit of her new company Atalay & Spade Group, LLC) constitute a breach of fiduciary duty for which she should be held liable.  It is undisputed that she engaged in these actions, specifically, taking of all of CAI's clients to her new entity.  Breach is established because Atalay admitted to soliciting all of CAI's clients immediately after the June 5, meeting.  CAI should be granted judgment in its favor and against Atalay on Count I.

In the alternative, if there is a question as to whether she accepted the stock or not, the question should be presented to a jury for a finding of fact on that issue.  Therefore, CAI respectfully requests that the Court reconsider its ruling on summary judgment and either find that Atalay breached the fiduciary duties created by virtue of her status as a CAI stockholder, or permit CAI to present to a jury the question of Atalay's status as a shareholder, and if said status is found whether she breached her fiduciary duties to CAI.

**B.** <u>**Counts III, IV and V**</u>**.**

Counts II, IV and V were dismissed after the Court held that there was no breach of fiduciary duty or violation of VUTSA. Because Atalay breached her fiduciary duty as a shareholder as discussed in the section above, the predicate tort exists to satisfy the elements of the tortious interference and statutory business conspiracy claims. Therefore, CAI respectfully requests the Court to reconsider its analysis of those claims given the breach of fiduciary duty by Atalay.

**CONCLUSION**

WHEREFORE, Plaintiff, CAI, by counsel, respectfully requests that this Honorable Court reconsider its ruling on the cross-Motions for Summary Judgment and either: (1) Enter summary judgment in favor of Contract Associates, Inc. against Defendants jointly and severally; or (2) Deny Defendants' Motion for Summary Judgment and set this matter for trial before a jury on Counts I, III, IV and V.

Respectfully submitted,

**CONTRACT ASSOCIATES, INC.**

/s/ Sean C.E. McDonough
Counsel

David D. Hudgins (VSB #20602)
Sean C.E. McDonough (VSB #33137)
Juliane C. Miller (VSB #34358)
Amanda M. Schwartz (VSB #77907)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 telephone
(703) 739-3700 facsimile
dhudgins@hudginslawfirm.com
smcdonough@hudginslawfirm.com
jmiller@hudginslawfirm.com
aschwartz@hudginslawfirm.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via electronic filing this 13th day of April 2015 to:

Jeffrey Thomas Martin, Jr., Esquire
Henry & O'Donnell
300 N Washington St #204
Alexandria, VA 22314
(703) 548-2100 telephone
(703) 548-2105 facsimile

John C. Fredrickson
S. Hayes Edwards, Jr.
McMillan Metro PC
1901 Research Blvd, Suite 500
Rockville, MD  20850

By:      /s/Sean C.E. McDonough
Counsel

6