IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CONTRACT ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-882 |
| ) | |
| SENEM ATALAY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Contract Associates, Inc.'s Motion to Alter or Amend the Judgment entered in favor of Defendants on April 10, 2015. Dkt. No. 84. The motion has been fully briefed by the parties. For the reasons set forth below, the motion will be denied.

## I. Background

The facts underlying this dispute were thoroughly discussed in the Court's memorandum opinion granting summary judgment to Defendants, and therefore will not be repeated here. Briefly, this case began when Plaintiff Contract Associates, Inc. ("CAI") filed a civil complaint in the Circuit Court for the City of Alexandria alleging breach of fiduciary duties, tortious interference with contracts and business expectancy, violation of the Virginia Uniform Trade Secrets Act, and statutory business conspiracy. Dkt. No. 1. Defendants Senem Atalay, Michael Spade, Atalay & Spade Group, LLC, and Contract Associates, Inc. a/k/a Contract Associates, Inc. of Maryland removed the action to this Court. At the close of discovery, the parties filed cross-motions for summary judgment. On April 10, 2015, the Court issued a Memorandum Opinion and Order granting Defendants' motion and entering judgment in their favor. Dkt. Nos.

1

82, 83. In light of the Court's ruling, CAI has filed the instant Motion to Alter or Amend the Judgment (Dkt. No. 84) pursuant to Federal Rule of Civil Procedure 59(e).

## II. Legal Standard

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Relief under the rule is available "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Harrison v. Watts*, 609 F. Supp. 2d 561, 568 (E.D. Va. 2009) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Such relief is extraordinary and to be granted only upon the showing of exceptional circumstances. *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979). Plaintiff's motion indicates that its only potential relief under Rule 59(e) lies with the third option—to correct a clear error of law.

## III. Analysis

The basis for the instant motion is the Court's decision not to address the shareholder argument advanced by Plaintiff in its Memorandum Opinion granting summary judgment to Defendants. In its various pleadings, Plaintiff asserted that Defendant Atalay was and remains a shareholder of CAI, that she owes fiduciary duties to CAI as a result of her shareholder status, and that her act of diverting CAI's clients to her new company constituted a breach of those duties, which continued beyond her resignation. In disposing of the breach of fiduciary duty claim, the Court "assume[d], without deciding, that Defendants in fact owed a duty to CAI, and thereby focus[ed] its analysis on the second element of the claim"—breach. Apr. 10, 2015 Mem. Op. at 5. After discussing the relevant caselaw, the Court held that Plaintiff had failed to put forth any evidence whereby a reasonable jury could find that Defendants' conduct established a breach of their assumed fiduciary duties under Virginia law.

Plaintiff relies on *Hager v. Gibson*, 109 F.3d 201 (4th Cir. 1997), for the proposition that "[s]hareholders in closely-held corporations owe fiduciary duties to one another." Pl.'s Mem. Supp. Mot. Alter J. at 3. However, *Hager* is inapposite because in that case, the Fourth Circuit specifically stated that it was "[a]ssuming, without deciding (*having been referred to no authority*) that Virginia law also recognizes the existence of fiduciary duties on the part of shareholders." 109 F.3d at 212 (emphasis added). As noted by Defendants, Plaintiff has not cited a single case in which *a Virginia court* has held that shareholders owe fiduciary duties to the corporation. Furthermore, Plaintiff's reference to a single decision from the Massachusetts Supreme Court is irrelevant because where "the Supreme Court of Virginia has never recognized a cause of action, ... it would be inappropriate for this Court to do so in the first instance . . . ." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 601 (E.D. Va. 2005) (citations and brackets omitted) (declining to "extend the tort of intentional interference with a business expectancy" to a case in which the defendant was not in a competitive relationship with the plaintiff). Likewise here, it would be improper for this Court to fashion a new cause of action under Virginia law in the first instance.

Nevertheless, the Court is also unpersuaded that Atalay was ever a shareholder of CAI. The sole piece of evidence in support of her alleged shareholder status is a document purporting to transfer to her 250 shares in CAI. CAI's tax returns, however, belie this assertion because on every return from 2009 to 2013, CAI President Badie Farag was listed as the 100% owner of CAI stock. Defs.' Mem. Supp. Mot. Summ. J., Ex. 9. The letter of intent that accompanied the alleged stock certificate further undermines Plaintiff's argument, as it explicitly states that Atalay must "agree with the general concept of becoming a 25% equity partner in CAI," and that if she did, CAI would amend its corporate records accordingly. Defs.' Opp'n Pl.'s Mot. Summ. J., Ex. E. Besides her retention of the stock certificate, there is no evidence that Atalay accepted the

3

shares or any evidence that CAI amended its corporate records. Therefore, even if Virginia law recognized a cause of action for breach of fiduciary duty by a minority shareholder, which it does not, a reasonable jury could not conclude that Atalay was a CAI shareholder on these facts.

IV. **Conclusion**

Upon careful review of the pleadings, the Court finds that there was no clear error in its original decision in favor of Defendants, and that no manifest injustice will result in allowing that decision to stand. Plaintiffs have also failed to demonstrate the existence of any exceptional circumstances under which a motion under Rule 59(e) may be granted. The motion is accordingly denied, and an appropriate Order shall issue.

April 27, 2015
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge